## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>G. YVONNE STEPHENS<br>LARRY K. ALEXANDER,<br><br>Debtors. | BKY Nos. 98-34858 and 98-33694 |
| LARRY KENNETH ALEXANDER,<br>ANDREW WILL ALEXANDER and<br>GEORGINA YVONNE STEPHENS,<br><br>Appellants.<br><br>v.<br><br>JOHN A. HEDBACK and<br>MARY JO A. JENSEN-CARTER<br><br>Appellees. | Civil No. 12-2775 (JRT)<br>Civil No. 12-2785 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING THE SANCTIONS ORDER OF THE BANKRUPTCY COURT** |

Daniel L.M. Kennedy, **KENNEDY LAW GROUP PLLC**, 4103 East Lake Street, Minneapolis, MN 55406, for Appellants.

Michael J. Iannacone, III and Mary F. Ahrens, **IANNACONE LAW OFFICE**, 8687 Eagle Point Boulevard, Lake Elmo, MN 55042, for Appellees.

This litigation – now in its fifteenth year – was originally over the ownership and possession of 875 Laurel Avenue, St. Paul, Minnesota ("875 Laurel"). The case initiated in 1998 with two bankruptcy cases by then-spouses, Larry Alexander ("Alexander") and Georgina Yvonne Stephens. Since then the parties have visited the state court, the Bankruptcy Court, this Court, the Bankruptcy Appellate Panel of the Eighth Circuit, and

the Court of Appeals for the Eighth Circuit numerous times. The federal courts repeatedly determined that the bankruptcy estates own 875 Laurel, and the trustees have now sold the property. Yet Alexander, Stephens, and now their son, Andrew Alexander ("Andrew") (collective, the "Appellees") refuse to end this litigation.

This matter is before the Court on the appeal of United States Bankruptcy Judge Dennis D. O'Brien's September 21, 2012 order sanctioning Andrew and the family's attorney, Daniel L.M. Kennedy.[1] Because the Court finds that the Bankruptcy Court had jurisdiction and the Bankruptcy Judge did not abuse his discretion, the order imposing sanctions will be affirmed.

## BACKGROUND

The history of this case is well summarized in *In re Stephens, In re Alexander*, No. 04-3468, No. 98-34858, No. 98-33694 (Bankr. D. Minn. Jan. 5, 2006); *see also In re Stephens*, Civ. Nos. 11-3459, 11-2661, 2012 WL 1899716 (D. Minn. May 24, 2012); *Alexander v. Hedback*, Civ. No. 11-3590, 2012 WL 2004103 (D. Minn. June 5, 2012). For purposes of this appeal, the key events are as follows.

After the Bankruptcy Court declared the trustees of Alexander's and Stephens' bankruptcy estates, John Hedback and Mary Jo Jensen-Carter (the "Trustees"), to be the owners of 875 Laurel, it ordered Alexander and Stephens to vacate the house before September 15, 2011. *See Alexander*, 2012 WL 2004103, at *3. The Bankruptcy Court's order directed the U.S. Marshals to assist in removal of the debtors and others occupying

---

[1] Kennedy represents Andrew, Stephens, and Alexander but alleges that no concurrent conflict of interest exists. (*See* Bankr. No. 98-33694, Aug. 2, 2012, Docket No. 274.)

the property, if necessary. *See id.* When the occupants of 875 Laurel, including Andrew, did not vacate the house, they were evicted. *Id.* at *4. Andrew then filed an action in this district alleging, *inter alia*, that this eviction violated his civil rights and took his property without due process of law. *Id.* at *5, *9-10. On the defendants' motions, the court dismissed Andrew's complaint on June 5, 2012. *See id.* at *14.

While Andrew's case was pending, Andrew drafted and signed a Notice of Lis Pendens that was recorded on December 27, 2011, referencing his pending case. (Bankr. No. 98-33694, Notice of Motion and Emergency Motion to Void Lis Pendens at 10, May 21, 2012, Docket No. 259 (providing copy of Notice).) In addition, Kennedy filed a Notice of Appearance on behalf of Andrew and his parents on April 27, 2012, in the pending bankruptcy case. (Bankr. No. 98-33694, Notice of Appearance and Request for Notice, Apr. 27, 2012, Docket No. 238.) Andrew also filed an objection as an "Interested Party" to a motion by the Trustees in the bankruptcy case. (Bankr. No. 98-33694, Objections to Approval of Sale, May 4, 2012, Docket No. 240.)

When the Trustees tried to sell 875 Laurel in May 2012 and the Notice of Lis Pendens prevented the sale from going forward, the Trustees filed an emergency motion to void the Notice of Lis Pendens and sought attorney's fees and sanctions of $25,000 to be awarded to each bankruptcy estate. (Bankr. No. 98-33694, Notice of Motion and Emergency Motion to Void Lis Pendens, May 21, 2012, Docket No. 259.) The Bankruptcy Court granted the motion to void the Notice of Lis Pendens (Bankr. No. 98-33694, Order, May 25, 2012, Docket No. 263) and set a discovery schedule and

hearing date on the motion for sanctions (Bankr. No. 98-33694, Order for Evidentiary Hearing and for Use of Electronic Evidence, May 25, 2012, Docket No. 264).

According to the Trustees, Andrew and Kennedy did not cooperate with their discovery requests, and the Trustees brought a motion to extend discovery. (Bankr. No. 98-33694, Notice of Motion and Motion to Extend Discovery Deadlines and Continue Evidentiary Hearing, July 20, 2012, Docket No. 272.) Andrew and Kennedy filed a memorandum in opposition. (Bankr. No. 98-33694, July 28, 2012, Docket No. 273.) The Bankruptcy Judge held a hearing and told Kennedy and Alexander if they did not "cooperate and participate in good faith with the scheduling order," a substantive determination would be made against them under Federal Rule of Civil Procedure 16(f). (Bankr. No. 98-33694, Aug. 2, 2012, Docket No. 274) In a written order, the Bankruptcy Court extended the deadlines and further cautioned the parties that "DISCOVERY DISPUTES WHICH REQUIRE JUDICIAL RESOLUTION WILL RESULT IN THE IMPOSITION OF SANCTIONS." (Bankr. No. 98-33694, Amended Order for Evidentiary Hearing and for Use of Electronic Evidence at 1, Aug. 7, 2012, Docket No. 277.)

On August 17, 2012, the Trustees brought a motion to compel discovery. (Bankr. No. 98-33694, Notice of Motion and Motion to Compel Discovery, Aug. 17, 2012, Docket No. 281.) The Trustees noted that Andrew had failed to appear for a deposition and requested that the Court compel Andrew to appear for a deposition. (*Id.*) The Trustees also moved the Court to compel Kennedy to answer certain questions. (*Id.*) Finally, the Trustees sought attorney's fees for the cost of bringing the motion and sought

sanctions against Kennedy and Andrew "for obstructing discovery." (*Id.* at 2-3.) Kennedy and Andrew filed a memorandum in opposition. (Bankr. No. 98-33694, Sept. 15, 2012, Docket No. 287.)

The Bankruptcy Court held a hearing and allowed the parties to state their positions in the discovery dispute. At the end of the hearing, the Bankruptcy Court Judge stated:

> If there was some true significant objection to the discovery that was served upon Andrew Alexander and Mr. Kennedy himself, it was incumbent upon them to try to resolve that first with the movant and, if that failed, to seek protection and remedy in the Court by way of motion. . . . I know [Kennedy] did not bring any motion.

(No. 98-33694, Sept. 19, 2012, Docket No. 290.) The Bankruptcy Court then found that Andrew and Kennedy "have flagrantly abused not only the discovery process and the rules but [also] this Court's scheduling order" without regard "to this Court's integrity as a Court" and without regard to anything "other than an obstructionist attitude." (*Id.*) The Bankruptcy Court then, in effect, granted default judgment on the Trustees' original motion for sanctions. (*See* Bankr. No. 98-33694, Notice of Motion and Emergency Motion to Void Lis Pendens, May 21, 2012, Docket No. 259.) The Bankruptcy Court imposed $25,000 in sanctions against Andrew and Kennedy, jointly and severally, for violation of the automatic stay. (No. 98-33694, Amended Order at 1, Sept. 21, 2012, Docket No. 294 [hereinafter, "Sanctions Order"].) The Court further imposed sanctions of $10,000 against Kennedy for violations of the Bankruptcy Court's orders for evidentiary hearing, dated May 25, 2012 and August 7, 2012. (*Id.* at 2.) Finally, the Court awarded the Trustees $10,184.70 for attorney's fees and costs "incurred as a result

- 5 -

of the violation of the automatic stay" and incurred due to violations of the Bankruptcy Court's "orders for evidentiary hearings." (*Id.*) The Court stated on the record and in its written order that the sanctions were imposed "[p]ursuant to Rule 16(f)." (*Id.* at 1; *see also* No. 98-33694, Sept. 19, 2012, Docket No. 290.) Kennedy and Andrew now appeal the Sanctions Order arguing that the sanctions were inappropriate for a slew of reasons both jurisdictional and substantive.

## ANALYSIS

**I.  STANDARD OF REVIEW**

In bankruptcy proceedings, the district court sits as an appellate court and applies the same standard of review as the court of appeals. *Reynolds v. Pa. Higher Educ. Assistance Agency* (*In re Reynolds*), 425 F.3d 526, 531 (8th Cir. 2005). The Court reviews the Bankruptcy Court's imposition of attorney's fees and monetary sanctions under the abuse-of-discretion standard. *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 594-95 (8th Cir. 2001) (applying the abuse-of-discretion standard for sanctions imposed under Rule 16(f)); *Schwartz v. Kujawa* (*In re Kujawa*), 270 F.3d 578, 581-82 (8th Cir. 2001) (applying the abuse-of-discretion standard for sanctions imposed under Federal Rule of Civil Procedure 11, Federal Rule of Bankruptcy Procedure 9011, or the Bankruptcy Court's inherent authority). A court's power to sanction allows it "to control litigation and to preserve the integrity of the judicial process." *Nick*, 270 F.3d at 594 & n.2.

## II. JURISDICTION OF THE BANKRUPTCY COURT

### A. Personal Jurisdiction to Impose Sanctions

Kennedy and Alexander argue that the Bankruptcy Court lacked personal jurisdiction over them and could not properly impose any sanction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."). Although Andrew argues that the Bankruptcy Court lacked personal jurisdiction over him, his conduct has been consistent with submission to the Bankruptcy Court's jurisdiction. *See Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (noting the defense may be lost "by submission through conduct" or "by implication" (internal quotation marks omitted)). "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland*, 456 U.S. at 706. Andrew appeared in his parents' bankruptcy cases as an interested party, *see id.* at 703 ("[A]n individual may submit to the jurisdiction of the court by appearance."); and he vigorously contested not only the motions brought against him but also motions in which he was not otherwise involved. Because the Court finds that Andrew submitted to the Bankruptcy Court's exercise of jurisdiction over him, it also finds that the Bankruptcy Court had the power to sanction Andrew and to sanction Kennedy because he was acting as Andrew's attorney. *See* Rule 16(f); *see also Gundacker v. Unisys Corp.*, 151 F.3d 842, 849 (8th Cir. 1998) (discussing the court's exercise of its inherent powers to assess punitive sanctions against a party's attorney).

### B. Jurisdiction and the Law of the Case

Kennedy and Alexander's other arguments that this Court does not have jurisdiction over the underlying cases have been previously addressed and rejected by the courts that have dealt with this case, *see Alexander v. Jensen-Carter*, 711 F.3d 905, 909-11 (8th Cir. 2013); *In re Stephens*, 2012 WL 1899716, at *6; *Stephens v. Jensen-Carter*, Civ. No. 01-633, 2005 WL 852446, at *4-6 (D. Minn. Apr. 11, 2005), and the Court declines to reconsider them.

## III. THE BANKRUPTCY COURT EMPLOYED APPROPRIATE PROCESS AND IMPOSED APPROPRIATE SANCTIONS

### A. Due Process in Imposing Sanctions

Kennedy and Andrew argue that the Bankruptcy Court deprived them of due process in imposing sanctions. "Due process is satisfied if the sanctioned party has a real and full opportunity to explain its questionable conduct before sanctions are imposed." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). A party must be given adequate notice that the court is considering sanctions against it. *Harlan v. Lewis*, 982 F.2d 1255, 1261 (8th Cir. 1993).

Kennedy was informed at oral argument on July 28, 2012, that the Bankruptcy Court was considering imposing sanctions under Federal Rule of Civil Procedure 16(f). Rule 16(f) gives a court the power on "motion or on its own" to "issue any just order." The Bankruptcy Court's subsequent written order restated the parties' obligations to comply with discovery and cautioned the parties that an ongoing dispute would result in

the imposition of sanctions. (Bankr. No. 98-33694, Amended Order for Evidentiary Hearing and for Use of Electronic Evidence Aug. 7, 2012, Docket No. 277.)

When the Trustees again sought judicial resolution of their discovery dispute, the court held a hearing on September 19, 2012. The Bankruptcy Court allowed the parties to explain their positions in their ongoing discovery dispute before imposing sanctions.[2] (No. 98-33694, Sept. 19, 2012, Docket No. 290.) In sum, the court fully informed Kennedy – and Andrew through Kennedy – of the conduct that the court found sanctionable and that it was considering sanctions. *See Lepucki v. Van Wormer*, 765 F.2d 86, 88 (7th Cir. 1985) (holding that an attorney had sufficient notice despite lacking explicit notice of the penalty the court was considering because he knew the court was considering generally the imposition of penalties). The court gave Kennedy an opportunity to remedy or resolve the discovery dispute and provided Kennedy an opportunity to be heard regarding that dispute. The Court concludes that any due process concerns regarding notice in this case were satisfied.

### B. No Abuse of Discretion

The Bankruptcy Court sanctioned Andrew and Kennedy by ordering a default judgment resulting in a $25,000 sanction, further sanctioning Kennedy $10,000 for violation of the Court's discovery orders, and awarding attorney's fees and costs

---

[2] In addition, the Bankruptcy Court concluded that Kennedy and Andrew were abusing discovery in bad faith and warned Kennedy that further abuses would have severe consequences. *See Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) ("[N]o hearing is necessary before sanctions are imposed where the record demonstrates a willful and bad faith abuse of discovery and the non-cooperating party could not be unfairly surprised by the sanction.").

"incurred as a result of the violation of the automatic stay . . . and violations of this Court's orders for evidentiary hearings." (Sanctions Order.) The Court evaluates these sanctions under the abuse-of-discretion standard. That is, the question is not whether this Court would have applied the sanction; it is whether the Bankruptcy Court abused its discretion in so doing. *Ins. Corp. of Ireland*, 456 U.S. at 707.

### 1. Default Judgment

By awarding $25,000 in sanctions to the Trustees, the Bankruptcy Court granted the Trustees default judgment on part of their motion requesting relief for Alexander and Kennedy's violations of the automatic stay. (*See* Bankr. No. 98-33694, Notice of Motion and Emergency Motion to Void Lis Pendens, May 21, 2012, Docket No. 259 (seeking attorney's fees and sanctions for the violation of the automatic stay).) Federal Rule of Civil Procedure 16(f) permits the Court on a party's "motion or on its own" to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Rule 37(b) provides remedies for a party's failure to obey a discovery order including dismissing the action and rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). While the entry of default should be a "rare judicial act," the default remedy is appropriate and "just" when the party's failure to comply with discovery is due to "willfulness, bad faith, or any fault of the party." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation marks and alterations omitted). Rule 37 explicitly gives a court the power to issue "further just orders" for violations of its discovery orders.

In this case, Kennedy and Alexander's failure to comply with the court's scheduling orders regarding discovery and with the Trustees' discovery requests was due to bad faith, justifying the Bankruptcy Court's default judgment. Andrew's non-compliance with discovery required the extension of deadlines and multiple Bankruptcy Court hearings, yet neither Kennedy nor Andrew filed a motion for a protective order or sought other relief from the Bankruptcy Court. Nor were Kennedy and Andrew's failures to comply due to inability. *See id.* Although Kennedy claims that some of the information sought by the Trustees was protected by attorney-client privilege, *see Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329-30 (8th Cir. 1986), his absolute refusal to cooperate with the Trustees in any way or to seek protection from the court so that it could determine if his objections were appropriate supports the Bankruptcy Court's determination that he acted deliberately and in bad faith. Because the Court finds the Bankruptcy Court did not abuse its discretion in finding bad faith, the "extreme sanction" of default was appropriate. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Chrysler Corp.*, 186 F.3d at 1020 ("[I]f a default [judgment] lies within the spectrum of appropriate sanctions, we will not substitute our own judgment for that of the district court even though we may have chosen a different sanction had we been standing in the shoes of the trial court.").

Andrew and Kennedy make substantive arguments regarding the validity of the stay and whether the stay was violated. But the Bankruptcy Court did not award sanctions on the grounds that Andrew and Kennedy violated the automatic stay – it awarded default sanctions because Andrew and Kennedy failed to cooperate with

- 11 -

discovery regarding their alleged violation of the automatic stay and failed to comply with court orders related to that discovery.[3] Because the Bankruptcy Court was empowered to sanction Andrew and Kennedy under Rules 16 and 37 or its inherent powers for discovery violations and it did not abuse its discretion, whether there was a violation of the automatic stay is irrelevant.

### 2. Sanctions Against Kennedy

The Bankruptcy Court ordered that Kennedy pay $10,000 for violation of the Bankruptcy Court's orders for evidentiary hearing, dated May 25, 2012 and August 7, 2012. (Sanctions Order.) Federal Rule of Civil Procedure 16(f) provides that a court "may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). These orders may include an order to pay monetary fines to the court. *See Nick*, 270 F.3d at 595-96. Here, the Bankruptcy Court Judge acted within his discretion by imposing a monetary fine because Kennedy vexatiously increased the costs of litigation by interfering with discovery, by requiring the court to hold additional hearings, and by prolonging this already protracted litigation.

---

[3] Andrew and Kennedy also argue that some portion of the Bankruptcy Court's award is an award of punitive damages and was improper. First, sanctions serve more than one purpose and can be used, in part, to punish. *See Austin v. United States*, 509 U.S. 602, 610 (1993). Moreover, if awarded on the merits, the Trustees' requested award would have been punitive, *see* 11 U.S.C. § 362(k)(1), but because the award to the Trustees was a default judgment, the Court need only consider if the award was an abuse of discretion.

### 3. Attorney's Fees and Costs

Federal Rule of Civil Procedure 16(f)(2) grants the court the authority to order a party, its attorney, or both to pay "reasonable expenses – including attorney's fees" in addition to other sanctions. Andrew and Kennedy argue that even if their conduct violated the automatic stay, only actual damages, not attorney's fees should be awarded for a violation of the stay. As noted above, the Bankruptcy Court did not award sanctions for a violation of the stay – it awarded sanctions because Andrew and Kennedy failed to cooperate with discovery regarding their alleged violation and failed to comply with court orders related to that discovery.

Furthermore, to the extent any of the sanctions awarded by the Bankruptcy Court were improper because the parties or the court did not comply with the technical requirements of the rules,[4] this Court concludes that the Bankruptcy Court did not abuse its discretion by using its inherent powers to impose sanctions. A court's inherent powers, including its power to sanction, are not governed by rule or statute and provide courts with the "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991) (internal quotation marks omitted). Although the rules now obviate dependence on inherent powers in some situations, *see* Fed. R. Civ. P. 16(f) advisory committee's

---

[4] In their briefing, Kennedy and Andrew contend that the technical requirements of Bankruptcy Local Rule 7037-1 and Federal Rule of Civil Procedure 37 were not met in all respects because they were not given an opportunity to resolve the matter in good faith or to meet and confer to resolve their differences.

note (1983), courts retain the ability to exercise their inherent powers with restraint and discretion, *see Chambers*, 501 U.S. at 44.

The parties to these bankruptcy suits have litigated this case for more than a decade, and the debtors – now joined by their son and their attorney – have brought innumerable frivolous motions to the courts in this district. *See, e.g.*, *Stephens v. Jensen-Carter*, Civ. Nos. 06-0693, 06-2327, 2007 WL 2885813, at *6-7 (D. Minn. Sept. 27, 2007) (attempting to end the "seemingly endless flow of frivolous and abusive filings" with a bar on filing). While this Court might have imposed different sanctions or followed different procedures, under the circumstances of this case and in light of its inordinately long history, this Court finds the Bankruptcy Court appropriately exercised its discretion to create a sanction that would deter further actions that interfere with the duties of that court. Finding no abuse of discretion by the Bankruptcy Court, the Court will affirm the Sanctions Order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the September 21, 2012 order of the Bankruptcy Court is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 10, 2013　　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge